IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00466-PAB

JOHNNY J. LOPEZ,

    Plaintiff,

v.

TOBY WILLIAMSON,

    Defendant.

_____

**MINUTE ORDER**
_____

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on plaintiff's "Request for Emergency Preliminary Injunction Relief" [Docket No. 6]. Plaintiff requests that an "Emergency Restraining Order be placed on Deputy M Walters" based on searches and seizures in violation of plaintiff's Fourth Amendment rights. *Id.* at 1. Plaintiff's original complaint in this case brought a claim against Deputy Walters, *see* Docket No. 1 at 1, but he has since been terminated as a defendant based on plaintiff's amended complaint, which only names Toby Williamson and only seeks relief based on violations of plaintiff's Eighth Amendment Rights. *See* Docket No. 7 at 1, 4.

    In order to obtain a preliminary injunction the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Ala. v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008); *see also Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that the moving party must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief."). Plaintiff's request for a restraining order does not connect to the harms in his complaint. Plaintiff's amended complaint does not mention Deputy Walters or any violations of plaintiff's Fourth Amendment rights. *See* Docket No. 7. The Court is powerless to grant relief beyond the claims in the complaint and cannot grant plaintiff's motion.

Accordingly, it is

**ORDERED** that plaintiff's "Request for Emergency Preliminary Injunction Relief" [Docket No. 6] is **DENIED**.

DATED April 7, 2022.